IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANNIE B. ADAMS,                  :
                                 :
    Plaintiff,                   : CIVIL ACTION NO. 13-00329-WS-B
                                 :
vs.                              :
                                 :
HOMEWARD RESIDENTIAL,INC.,       :
                                 :
    Defendant.                   :

## ORDER

This action is before the Court on Defendant Homeward Residential, Inc.'s Motion to Stay Discovery or Alternatively, Motion for Bifurcation of Discovery and Entry of Amended Scheduling Order (Doc. 21) and Plaintiff Annie Adams' Motion to Compel Discovery (Doc. 23). Upon consideration, Defendant's motion to stay is **DENIED,** and Plaintiff's motion to compel is **GRANTED.**

**I. Background**

Plaintiff filed this action in June 2013 as a purported class action.[1] (Doc. 1). Plaintiff alleges that Defendant engaged in deceptive collection activity by failing to comply with the requirements of 15 U.S.C. § 1692g. Counsel for the

---

[1] The complaint was amended on December 4, 2013. A copy of a letter referenced in the original complaint was attached as an exhibit to the amended complaint. (Doc. 19).

parties met, and pursuant to the Court's preliminary scheduling order, submitted a joint report of the parties' planning meeting on September 9, 2013. (Doc. 9). In the report, Plaintiff took the position that discovery should focus on class discovery and the merits of her claim. (Doc. 9 at 2). Defendant took the position that discovery should focus on "the propriety of class certification, and not on the merits of the case." (Id.) On September 11, 2013, the court entered a Rule 16(b) scheduling order which provides that discovery is to focus on the individual claims of the named Plaintiff and the class certification issues, and is to be completed by March 14, 2014. (Doc. 11). Plaintiff served discovery requests on Defendant on September 9, 2013. (Doc. 21-1). Defendant's discovery responses were received on November 5, 2013. Subsequent thereto, Plaintiff's counsel repeatedly contacted defense counsel about alleged deficiencies with the responses. (Doc. 23 at 2-3).

On December 10, 2013, Defendant filed a motion to dismiss and a motion seeking an order staying discovery or bifurcating discovery into merits/class certification phases. (Docs. 20, 21). In the motion to stay (Doc. 21), Defendant argues that all discovery should be stayed because Plaintiff has failed to state a claim for violation of the Fair Debt Collection Practices Act. Defendant contends that permitting Plaintiff to conduct discovery on class certification issues prior to a ruling on

Defendant's motion to dismiss would be prejudicial to Defendant because it will have to expend significant resources to comply with expansive discovery requests on issues that may not survive Defendant's motion to dismiss. (Doc. 21 at 3). In the alternative, Defendant contends that the Court should bifurcate discovery so that the initial discovery focuses solely on the merits of Plaintiff's claim, and only broadened discovery if issues relating to Plaintiff's claims are decided in her favor. (Id. at 4). Plaintiff opposes Defendant's stay request and argues that a stay would reward defense counsel for their efforts to delay discovery in this case. (Doc. 29). Plaintiff further argues that counsel for the parties met and agreed to a discovery plan that did not provide for bifurcated discovery; thus, Defendant should not be allowed to belatedly alter the discovery schedule in this case. (Id.). Plaintiff also asserts that contrary to Defendant's assertion, the Manual for Complex Litigation Third does not contemplate "merits" discovery first, but instead contemplates proceeding with class certification discovery first. (Id. at 4). Plaintiff has asserted similar arguments in its motion to compel discovery. (Doc. 23). In opposing Plaintiff's motion to compel, Defendant again argues that all discovery should be stayed at this point because permitting Plaintiff to conduct discovery while Defendant's motion to dismiss is pending would require Defendant to expend

significant resources to comply with expansive discovery requests on issues that may not survive the motion to dismiss. (Doc. 28).

**II. Discussion**

Courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." Johnson v. Board of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001). Further, the Eleventh Circuit has observed that whenever possible, facial challenges to the legal sufficiency of a complaint, raised in a dispositive motion to dismiss, should be resolved *before* discovery begins. Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1292 (11th Cir. 2005); see also Moore v. Potter, 141 F. Appx. 803, 807-08 (11th Cir. 2005) (unpublished)[2] (upholding the staying of discovery until ruling on the defendant's motion to dismiss). Of course, the rationale for such is that early resolution of purely legal questions obviates the need for costly discovery. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367-68 (11th Cir. 1997) (discussing the various costs of discovery, which can be avoided if a court dismisses a nonmeritorious claim before discovery has begun).

In the case at hand, Defendant filed the pending motion to

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

4

dismiss at least three months *after* the scheduling order had been entered and *after* discovery was well underway. Given that the motion to dismiss is based on information that was readily available to Defendant, it is not clear why Defendant did not seek a stay on the front end, but instead waited until the parties were fully engaged in discovery to seek a stay. What is clear, however, is that halting discovery at this stage will interfere with the scheduling order that is in place, and will result in unnecessary delay if the motion to dismiss is denied. The risk that Defendant will be forced to engage in needless discovery could have been addressed early on had Defendant acted promptly in filing its dispositive motion and request for a stay. Accordingly, the undersigned finds that under the circumstances of this case, a stay of discovery at this juncture is not appropriate.

The Court likewise denies Defendant's request for bifurcation. As noted supra, before entry of the scheduling order in this case, counsel for the parties conferred and filed a Rule 26(f) report wherein both parties agreed that discovery should focus on the propriety of class certification. Having taken that early position, Defendant is now estopped from arguing, during the height of discovery, that discovery should be confined to the claims of the named Plaintiff. Accordingly, Defendant's motion to stay discovery is **DENIED,** and Plaintiff's

motion to compel is **GRANTED**.  To the extent Defendant has not done so, it is directed to supplement its discovery responses by **January 31, 2014.**

DONE this the **15th** day of **January, 2014.**

                                                  /s/ SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**